■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and WYNONA O'KELLY, Appellant. — In a proceeding to vacate an arbitration award, in which Wynona O'Kelly cross-petitioned to confirm the award, the appeal is from a judgment of the Supreme Court, Rockland County, dated May 1, 1980, that granted the petition, denied the cross petition, and vacated the arbitration award. Judgment reversed, on the law, with $50 costs and disbursements, the petition to vacate the award is denied and the cross petition to confirm is granted. On November 17, 1977 Wynona O'Kelly, then 66 years old, was injured while she was a passenger in an automobile owned and operated by Mary Brice and insured by Allstate Insurance Company (Allstate). The accident occurred at the beginning of the lunch break of Brice and O'Kelly, on the grounds of the

Rockland Psychiatric Center where both were employed as housekeepers. O'Kelly's application to Allstate for no-fault benefits was denied and she demanded arbitration (see Insurance Law, § 675). The arbitrator rejected Allstate's position that O'Kelly was covered by workers' compensation and was not entitled to no-fault benefits, and awarded her first-party benefits and attorney's fees. Thereafter, upon Allstate's application, Special Term vacated the arbitrator's award. We reverse. The arbitrator's gratuitous statement that O'Kelly was not entitled to workers' compensation benefits was erroneous. This does not of itself, however, mandate vacatur of the award. The test to be applied in reviewing no-fault arbitrations where error of law is in issue is "whether *any* reasonable hypothesis can be found to support the questioned interpretation" *(Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442, 454). On the facts before him, it was not irrational for the arbitrator to conclude that O'Kelly was not injured in the course of her employment as to require vacatur (see *Matter of Furstenberg [Aetna Cas. & Sur. Co.],* 49 NY2d 757; *Matter of Levine v Zurich Amer. Ins. Co.,* 49 NY2d 907; *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of Shand, supra).* This is so notwithstanding the later contrary decision of the State Insurance Fund. In fact, O'Kelly was entitled to benefits under both no-fault and workers' compensation (see Insurance Law, § 671, subd 2, par [b]; *Ryder Truck Lines v Maiorano,* 44 NY2d 364). The award is, therefore, reinstated. Petitioner may offset the amounts O'Kelly may receive as benefits from workers' compensation (see Insurance Law, § 671, subd 2, par [b]; 11 NYCRR 65.6 [p][3][i]). The attention of the parties is also directed to subdivision 1 of section 29 of the Workers' Compensation Law (as amd by L 1978, ch 572, § 1). Mangano, J. P., Rabin, Gulotta and Weinstein, JJ., concur.