■ HOLLY A. JOHNSON, Appellant, v KATHLEEN M. ELLIOTT, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered February 1, 1982 in Rensselaer County, upon a dismissal of the complaint by the court at Trial Term (Cholakis, J.), at the close of plaintiff's case. Testimony disclosed that plaintiff was injured when the car she was driving experienced a brake failure as she attempted to avoid a collision with a deer. She lost control of the vehicle and it left the road, traveling some 168 feet before stopping. The vehicle belonged to defendant who had permitted one Jack Taylor to use it for work. He had been using it for this purpose for two weeks preceding the accident and it was he who permitted plaintiff to drive it on the morning of the accident. Defendant testified that her father maintained the car and that she did not know when the car was last inspected before the accident. She testified that the car had front damage after the accident, that she used the car for several days after the accident, that she found it to be driveable and that she ultimately sold it to Kelly Freedman, a wrecker who demolished the car several weeks later. At the conclusion of plaintiff's case, the trial court granted defendant's motion to dismiss the complaint on the ground that plaintiff had

failed to prove a prima facie cause of action. The court held that there was no proof as to the length of time the brakes were defective and as to whether defendant knew or should have known that they were in a defective condition. We concur with this finding. Plaintiff failed to sustain her burden of proof (see 8 NY Jur 2d, Automobiles, § 671, p 345). Plaintiff's attempt to raise for the first time on this appeal a new theory of recovery, a violation by defendant of a statutory duty of care pursuant to subdivision 1 of section 375 of the Vehicle and Traffic Law, is to no avail. Plaintiff's complaint and proof at trial were all directed to establishing defendant's common-law duty of care to plaintiff, and on that theory insufficient proof was adduced to justify submission of the matter to a jury. The other issues raised by plaintiff are also without merit. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.