WILLIAM D. PALMER et al., Appellants, v ALLSTATE INSUR-
ANCE COMPANY, Respondent.

Second Department, April 23, 1984

**APPEARANCES OF COUNSEL**

*Bloom & Mintz, P. C. (Thomas Torto* of counsel), for appellants.

*Shapiro, Shiff, Beilly, Rosenberg & Fox (Abraham L. Shapiro* and *Gerald Richman* of counsel), for respondent.

**OPINION OF THE COURT**

MOLLEN, P. J.

William D. Palmer and the United States Department of Labor, the petitioners, appeal from a judgment of the Supreme Court, Queens County, which denied confirmation of an arbitration award. The central issue is whether the arbitrator's failure to deduct Federal disability payments from an award of first-party benefits under the New York Comprehensive Automobile Insurance Reparations Act (the No-Fault Insurance Law) was so irrational as to require vacatur. We begin with a review of the facts.

On December 31, 1976, William D. Palmer, a United States Postal Service employee, was injured as a consequence of a collision between the United States Postal Service truck he was operating and a motor vehicle insured by the respondent, Allstate Insurance Company. Pursuant to the Federal Employees' Compensation Act ([FECA], US Code, tit 5, § 8101 *et seq.*),[1] Palmer was reimbursed by the United States for lost wages and medical expenses amounting to $28,476.66.

In, or about, October, 1979, Palmer instituted a third-party action against the respondent's insured, seeking judgment in the amount of $750,000 for personal injuries he allegedly sustained as a consequence of the accident. By letter dated November 14, 1979, the United States Department of Labor notified Palmer's counsel, *inter alia,* that "Section 8132 of title 5 of the United States Code provides that in the event of a recovery from the Third Party, the Government must be reimbursed for the disbursements it made to or on behalf of the beneficiary." The Federal Government, in short, "asserted a lien" against Palmer's recovery, if any, in the third-party action.[2]

In or about October, 1980, Palmer sought arbitration under the New York No-Fault Insurance Law (see Insurance Law, § 670 *et seq.*) on behalf of himself and the United States Department of Labor. Arbitration was sought for the purpose of obtaining "first party benefits" (see Insurance Law, § 671, subd 2) from the respondent for the

---

**1.** Section 8102 of title 5 of the United States Code in relevant part provides:

"(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is —

"(1) caused by willful misconduct of the employee;

"(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

"(3) proximately caused by the intoxication of the injured employee."

**2.** Section 8132 of title 5 of the United States Code in relevant part provides that, "If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as the result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury. No court, insurer, attorney, or other person shall pay or distribute to the beneficiary or his designee the proceeds of such suit or settlement without first satisfying or assuring satisfaction of the interest of the United States."

medical expenses and lost wages which had been reimbursed to Palmer pursuant to the FECA.

On June 18, 1981, the arbitrator awarded Palmer $28,476.60. Noted in the arbitrator's opinion were the facts that Palmer had received $28,476.66 pursuant to the FECA and that the respondent "has not accepted nor rejected [Palmer's] claim for no-fault benefits; its only response to that claim was a request for information and documentation with regard to payments made to [Palmer] under the [FECA]." The arbitrator held that "since the U.S. Government has elected not to be covered by the New York No-Fault Law, the vehicle which [Palmer] was operating is in the category of an 'Uninsured' motor vehicle within the purview of the New York No-Fault Law. There is a dispute between the parties whether the proceedings should have been brought against the carrier which insures a vehicle in [Palmer's] family (said carrier being unknown) or against this Respondent. However, that dispute should not impede the payment of first party benefits to [Palmer] in this matter, and the dispute as to which insurer is primarily responsible for payment should be left to the insurers themselves. This is especially so in view of the Respondent's failure to accept or deny the claim for no fault benefits of March 7, 1979."

By notice of motion dated April 21, 1982, the petitioners moved for an order "confirming the award in arbitration and directing that judgment be made in favor of [them] and against the Respondent in accordance with the said arbitration award".[3] In his affirmation submitted in support of the motion, petitioners' counsel alleged that "[t]he respondent has been served with a copy of [the arbitrator's] award and has refused to make payment thereunder. Further, the respondent had not moved with respect to the award."

The respondent opposed the motion, alleging, *inter alia,* that

"[t]he award rendered was imperfectly executed in that the Arbitrator misapplied existing New York and Federal Law in finding that [Palmer] was entitled to recovery for first party no fault benefits under the circumstances of this case * * *

---

3. The motion was made within the time prescribed by CPLR 7510.

"[T]he law in the State of New York as well as in the Federal jurisdiction is that a recipient of Federal Employees Compensation Act benefits who brings a negligence action to recover damages for injuries suffered in a motor vehicle accident while operating a United States Postal vehicle has suffered no economic loss and cannot on behalf of himself or the United States Postal Service maintain a claim for economic loss under the New York No Fault Statute * * *

"Since the Arbitrator applied the wrong rule of law to the facts before him and permitted [Palmer] a double recovery for first party no fault benefits where such recovery is contra to applicable and existing Federal and State Law, the arbitration award herein should not be confirmed."

In reply, the petitioners' counsel argued that the test to be applied in reviewing no-fault arbitration awards is the "reasonable hypothesis" test, not the "wrong rule of law" test, as argued by the respondent. Counsel further argued that a "reasonable basis" for the arbitrator's award existed. Counsel noted that arbitration was sought by both Palmer and the Department of Labor, which was "asserting a lien against the No-Fault benefits recovered by .Palmer * * * [T]he Department of Labor has an absolute right to recover the amount of FECA benefits which it paid to Palmer. Therefore, the Department of Labor will be receiving the proceeds of the award herein and under no view of the facts can it be said that petitioner Palmer has obtained a double recovery." Submitted as part of the reply was the affidavit of an official of the Department of Labor's Office of Workers' Compensation Programs of the Employment Standards Administration, in which affidavit the official stated: "[t]he United States Department of Labor is entitled to reimbursement of the compensation benefits paid to [Palmer] pursuant to Sections 8131 and 8132 of Title 5, United States Code. These sections provide that when an injury or death for which Federal Compensation benefits are payable is caused under circumstances creating a legal liability in a person other than the United States to pay damages, the beneficiary shall refund the United States the amount of compensation paid to him out of any settlement or recovery against the person responsible for his injury."

By judgment dated October 4, 1982, Special Term (Dunkin, J.), denied the motion to confirm the arbitrator's award. In its memorandum, the court explained that

"[i]t is respondent's contention that the arbitrator incorrectly applied existing law and thereby exceeded his power or so imperfectly executed it so as to result in a double recovery to [Palmer] and require denial of confirmation.

"[Palmer], as set forth in the moving papers, has received full FECA benefits and was awarded an identical sum in first-party benefits by the arbitrator's decision. Contrary to subdivision (2) (b) of section 671 of the Insurance Law the award was not diminished by any amounts previously recovered under FECA. There is no indication that Palmer suffered any further economic loss that was not compensated for and, as such, he cannot now maintain a claim for first-party benefits on his own behalf or his employer * * *

"Despite whatever statutory rights which may exist in favor of the United States to seek recovery of the compensation benefits it paid from a faulty third-party * * * no right to a double reward exists in favor of [Palmer] individually. Under the circumstances, a rational basis does not exist in the record to support the arbitrator's award".

The petitioners appeal from Special Term's judgment.

At the outset, we note our agreement with the petitioners that "[t]he test thus applicable for review of no-fault arbitrations where error of law is in issue is essentially similar to that utilized for review of quasi-legislative determinations — whether *any* reasonable hypothesis can be found to support the questioned interpretation." (*Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442, 454; accord *Matter of Allstate Ins. Co. [O'Kelly]*, 81 AD2d 665, 666.) Whether an arbitrator's determination is correct or not, when it is "not so irrational as to require vacatur" (*Matter of Shand [Aetna Ins. Co.]*, *supra*, p 455), the award will be confirmed. We conclude that there is no "reasonable hypothesis" to explain the arbitrator's failure to deduct from the no-fault award the FECA payments made to Palmer.[4] Accordingly,

---

4. In light of our determination, we need not consider the respondent's additional contentions that Palmer was not an "eligible injured person" and that Palmer's vehicle should not be characterized as an "uninsured" vehicle within the purview of the No-Fault Insurance Law. Parenthetically, we note that the respondent's argument concern-

Special Term's judgment denying confirmation should be affirmed.

In *Montgomery v Daniels* (38 NY2d 41, 46), the Court of Appeals observed that

"[u]nder the title, 'Comprehensive Automobile Insurance Reparations Act', article 18 of the Insurance Law (as added by L 1973, ch 13, in full effect Feb. 1, 1974) provides a plan for compensating victims of automobile accidents without regard to fault. In essence, it is a two-pronged, partial modification of the pre-existing system of reparation for personal injuries suffered in automobile accidents under which system liability was grounded in negligence under classic principles of tort law. One prong deals with compensation; the other with limitation of tort actions.

"The first prong lays down the requirement that every owner of a motor vehicle provide himself, members of his household, operators, occupants and pedestrians with compensation for '*basic economic loss*' resulting from injuries occasioned by the use or operation of that vehicle in this State, regardless of fault (§ 672, subd 1)." (Emphasis added.)

Pursuant to section 672 of the Insurance Law, a person injured as a consequence of a motor vehicle accident may recover "first party benefits", defined in relevant part as,

"2. * * * basic economic loss[5] * * * *less* * * *

"(b) amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workmen's compensation benefits, or disability benefits under article nine of the workmen's compensation law, or medicare benefits" (Insurance Law, § 671, subd 2; emphasis added).

The underlying purposes of the "no-fault" statutory scheme are clear. First, the Legislature replaced " 'a system which costs too much, takes too long to pay off and

---

ing Palmer's status as an "eligible injured person" has apparently been raised for the first time in this court. The law is settled that "issues unraised at the trial level should not be considered on appeal" (*Goodfarb v Freedman*, 76 AD2d 565, 570).

**5.** "Basic economic loss", subject to a ceiling of $50,000 per person (Insurance Law, § 671, subd 1; see *Normile v Allstate Ins. Co.*, 87 AD2d 721, affd 60 NY2d 1003) broadly includes "all necessary [treatment] expenses" (Insurance Law, § 671, subd 1, par [a]); lost earnings (Insurance Law, § 671, subd 1, par [b]); and, "all other reasonable and necessary expenses incurred" (Insurance Law, § 671, subd 1, par [c]). The latter two components of basic economic loss are also subject to monetary and time limitations.

delivers too little protection [with] * * * a new insurance reparations system which — assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault' " (*Matter of Granger v Urda,* 44 NY2d 91, 98). Second, by distinguishing between "first party benefits" and "basic economic loss", double recovery for economic loss by a covered person who has received compensation for that loss is prevented (see *Matter of Granger v Urda, supra;* Memorandum of State Executive Dept, 1977 McKinney's Session Laws of NY, p 2448). In this manner, the injured party will receive compensation for actual economic loss and, at the same time, the Legislature has "ensur[ed] that an unjustified financial burden is not thrust upon the insurance companies which would eventually be reflected in higher insurance premiums. In addition, the possible motivation for recovered accident victims to refrain from returning to work, if windfall recovery would be permitted, is minimized, if not entirely eliminated" (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 457). As we recently noted in a similar context, "[w]hile the purpose of the * * * [no-fault law] is to make an injured party whole, it is not designed to provide such a party with a windfall." (*Aetna Cas. & Sur. Co. v Jackowe,* 96 AD2d 37, 44.)

The Superintendent of Insurance has recognized (see *Kurcsics v Merchants Mut. Ins. Co., supra,* pp 458-459; *State Farm Mut. Auto. Ins. Co. v Brooks,* 78 AD2d 456, mot to dismiss app granted 54 NY2d 753) that "State or Federal Workers' Compensation Law benefits * * * are to be deducted from first-party benefits or additional first-party benefits" (11 NYCRR 65.6 [p] [1]) and that "Federal social security disability benefits * * * are to be deducted from first-party benefits or additional first-party benefits" (11 NYCRR 65.6 [p] [2]). The Superintendent has also recognized that "[i]f any source of workers' compensation benefits denies liability for payment of benefits, in whole or in part, the insurer responsible for the payment of first-party or additional first-party benefits shall pay benefits without deducting the withheld workers' compensation benefits" (11 NYCRR 65.6 [p] [3] [i]).

Notwithstanding the clear mandate of subdivision 2 of section 671 of the Insurance Law, the policies underlying

the no-fault statutory scheme, and the Superintendent's interpretation of that section of the Insurance Law, the arbitrator inexplicably, and without authority, awarded Palmer the same amount he had previously received pursuant to the FECA to compensate him for lost wages and medical expenses, both of which were incurred as a consequence of work-related injuries. There is no evidence in the record before us that Palmer was compensated pursuant to the FECA for losses different from those submitted to no-fault arbitration, nor do the petitioners argue to the contrary. Palmer has not, therefore, suffered economic loss compensable pursuant to the New York No-Fault Insurance Law (see *Joyce v Winkler,* 71 AD2d 28, 30; cf. *Demetriadis v United States Postal Serv.,* 465 F Supp 597, 598 [FECA is a Federal employee's exclusive remedy for personal injuries sustained during the course of Federal employment]). In short, the no-fault arbitrator, who was aware that the FECA benefits had been received, compensated Palmer a second time for his economic loss in violation of subdivision 2 of section 671 of the Insurance Law.

The fact that the United States Department of Labor advised Palmer of its right to reimbursement for payments made pursuant to the FECA (see US Code, tit 5, § 8132) is of no legal significance in the context of this case. Having suffered no compensable economic loss, Palmer simply may not, on behalf of himself or the Department of Labor, maintain a claim for economic loss under the New York No-Fault Law (see *Joyce v Winkler, supra,* p 30; *City of Buffalo v Murry,* 79 AD2d 1096).

Palmer may, of course, pursue his suit, instituted in 1979, and seek recovery from the responsible third-party tort-feasor for "noneconomic loss", if "serious injury" was suffered, and economic loss, if any, in excess of "basic economic loss" (see Insurance Law, § 673, subd 1; *Normile v Allstate Ins. Co.,* 87 AD2d 721, 722, affd 60 NY2d 1003). If Palmer recovers, the Department of Labor is then free to seek reimbursement pursuant to section 8132 of title 5 of the United States Code (see *Ostrowski v Roman Catholic Archdiocese,* 479 F Supp 200, affd *sub nom. Ostrowski v United States Dept. of Labor,* 653 F2d 229).[6]

---

**6.** Section 8132 of title 5 of the United States Code is apparently addressed to the recovery of damages by the injured Federal employee in third-party tort actions. The

This court's decision in *Matter of McKenna v County of Nassau Off. of County Attorney* (75 AD2d 815, affd 51 NY2d 902) does not compel a contrary result. In *McKenna,* the petitioner, a Nassau County police officer, received payment of his full salary pursuant to section 207-c of the General Municipal Law when he was unable to work and was convalescing from injuries sustained as a consequence of a work-related accident. The petitioner also filed for "first party benefits" under the New York No-Fault Insurance Law. The no-fault arbitrator awarded the petitioner "first party benefits"; Special Term granted the County of Nassau's cross application to vacate the award. We reversed Special Term's judgment, explaining that, "[a]t the time of the accident the no-fault law required that any recovery for basic economic loss be reduced by amounts recovered or recoverable pursuant to State or Federal Social Security disability benefits or workers' compensation benefits (Insurance Law, § 671, subd 2, par [b]). There was no express requirement that payments under wage continuation programs, such as provided for in section 207-c of the General Municipal Law, be deducted. The arbitrator's award did not include a deduction of the payments petitioner received under section 207-c. Special Term vacated the award to avoid the double recovery. We find that the award was not so irrational as to warrant vacatur and, accordingly, the judgment of Special Term must be reversed * * * Apparently, a loophole existed in the original no-fault law which permitted the type of double recovery that petitioner sought. This loophole has since been eliminated by the Legislature" (*Matter of·McKenna v County of Nassau Off. of County Attorney, supra,* p 816). Herein, no such "loophole" permitting a double recovery existed when Palmer sought arbitration and was subsequently awarded "first party benefits" under the New York No-Fault Insurance Law amounting to $28,476.60. Consequently, *McKenna (supra)* is not authority for confirmation of the

Department of Labor acknowledged as much in its letter advising Palmer's counsel, shortly after Palmer's tort action was commenced, of the Department's right to reimbursement and, later, in the affidavit submitted by an official in the Department's Workers' Compensation Programs of the Employment Standards Administration. In light of our holding that Palmer suffered no compensable economic loss, we need not address the issue of whether the United States statutory right to reimbursement is applicable to the receipt of first-party benefits under the New York No-Fault Law (Insurance Law, § 670 *et seq.*).

arbitrator's award (cf. *Matter of Conroy v Country Wide Ins. Co.*, 75 AD2d 852, mot for lv to app den 51 NY2d 707).

We have examined the petitioners' remaining contentions and find them to be without merit.

We conclude that the arbitrator's award of first-party benefits to Palmer under the New York No-Fault Insurance Law, without deducting the payments made to Palmer pursuant to the FECA, was so irrational as to require vacatur. The award was made contrary to the plain language of the statute, the plain language of the rules and regulations promulgated by the Superintendent of Insurance, and the legislative purposes in enacting the no-fault statute. Accordingly, Special Term's judgment denying confirmation of the award should be affirmed.

MANGANO, THOMPSON and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Queens County, dated October 4, 1982, affirmed, with costs.