■ MASSAPEQUA GENERAL HOSPITAL, as Assignee of MARY GRELL, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. — In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, petitioner appeals from a judgment of the Supreme Court, Nassau County (Velsor, J.), dated April 12, 1983, which denied the application, vacated those parts of the award which awarded interest from December 23, 1976 and attorney's fees of $4,850, and referred the matter to the arbitrator for a rehearing on the matter of reasonableness of attorney's fees.

Judgment modified, on the law, by (1) deleting the provisions which denied the application to confirm the award, vacated the $4,850 award for attorney's fees and referred the matter to the arbitrator for a rehearing on the matter of the reasonableness of attorney's fees and substituting therefor a provision confirming the award except insofar as it awards interest and (2) adding a provision referring the matter to the arbitrator for a new determination on the question of interest only. As so modified, judgment affirmed, with costs to appellant.

On October 24, 1976, Mary Grell was involved in an automobile accident. She was treated at petitioner Massapequa General Hospital, and designated the hospital assignee of her no-fault insurance claim. On November 23, 1976, petitioner hospital forwarded a bill of $1,124.29 to respondent insurance company for services rendered to Ms. Grell. Six days later, respondent insurance company sent a denial of claim form to petitioner, asserting that the patient's policy had been canceled as of October 9, 1976 for failure to pay the premium. Thereafter, petitioner retained counsel. By letter dated December 21, 1976, petitioner's counsel requested of respondent "copies of all correspondence evidencing a valid cancellation on behalf of your company". The letter concluded: "Unless I receive the above within the next week, I shall have no alternative but to file your Denial of Claim Form with the American Arbitration Association".

On or about December 23, 1976, respondent remitted the requested documents except for the second page of the notice of cancellation and the proof of mailing. By letter dated May 25, 1977, petitioner sought these omitted items. No reply to this letter is contained in the record, and petitioner renewed its request almost 14 months later, on July 6, 1978. Again, this request was apparently ignored and a third request was made following another 14-month period, on September 19, 1979. On February 8, 1982, approximately two and one-half years after the third request, petitioner demanded arbitration. Five weeks later, respondent mailed a copy of page two of the cancellation notice to petitioner. Respondent maintained that the patient had not been covered by a policy at the time of the accident. However, in April, 1982, respondent realized its cancellation contention was invalid. Consequently, at the arbitration hearing respondent conceded effective coverage existed at the time of the accident.

The arbitrator's award provided that respondent would pay, *inter alia* (1) the no-fault insurance claim of $1,124.29, (2) interest thereon at the rate of 2% per month, compounded from December 23, 1976 to the date of payment, and (3) attorney's fees of $4,850. Special Term denied the petition to confirm the award, and vacated the portions of the award relating to interest and attorney's fees. We agree with Special Term insofar as it found the arbitrator exceeded his power in awarding interest from December 23, 1976, but uphold the award of attorney's fees.

Subdivision 1 of section 675 of the Insurance Law provides: "Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are

overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue, the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations".

According to regulations prescribed by the Superintendent of Insurance (see Insurance Law, § 21) with respect to accidents occurring prior to December 1, 1977, "[a]ll overdue mandatory personal injury protection benefits * * * shall bear interest at the rate of two percent per month, compounded and calculated on a pro rata basis using a 30-day month" (11 NYCRR 65.6 [g] [1]). Moreover, "[n]o-fault benefits are overdue if not paid within the 30 calendar days after the insurer receives verification of all the relevant information requested pursuant to subdivision (d) of this section" (11 NYCRR 65.6 [f] [1]). The regulations also provided: "If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form, interest shall not accumulate on the disputed claim or element of claim until such action is taken" (11 NYCRR 65.6 [g] [3]).

Petitioner did not request arbitration or institute a lawsuit within 30 days after receipt of the denial of claim form. Rather, petitioner purportedly did not demand arbitration until February 8, 1982. By awarding interest as of December 23, 1976, the arbitrator acted in contravention of the insurance regulations. The standard for reviewing a compulsory no-fault arbitration award where error of law is in issue is "whether *any* reasonable hypothesis can be found to support the questioned interpretation" (*Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442, 454). We conclude that no "reasonable hypothesis" exists to explain the arbitrator's failure to observe and apply the applicable insurance regulations (see *Palmer v Allstate Ins. Co.*, 101 AD2d 127). Accordingly, this portion of the award was so irrational as to require vacatur.

With respect to the award of attorney's fees, Special Term opined that an award of "$4,850 for 18 hours of legal services was arbitrary * * * [and] clearly excessive". However, petitioner's attorney represented that he spent up to 48 hours of work on the matter, rather than 18 hours. In awarding an attorney's fee,

the arbitrator may include services rendered by the attorney in substantiating a claim for counsel fees (*Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.]*, 49 NY2d 93, 99). Under the circumstances, Special Term erred in vacating the award of attorney's fees. Accordingly, the portion of the award with respect to attorney's fees is confirmed. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.