■ In the Matter of EMPIRE MUTUAL INSURANCE COMPANY, Appellant, v ROSE E. JONES, Respondent.—In a proceeding pursuant to CPLR 7511 (b) to vacate a compulsory no-fault arbitration award by a master arbitrator, dated February 4, 1988, the petitioner Empire Mutual Insurance Company appeals from a judgment of the Supreme Court, Kings County (Golden, J.), dated September 9, 1988, which denied the application and confirmed the award.

Ordered that the judgment is affirmed, with costs.

The test applicable for review of a compulsory no-fault arbitration award where error of law is in issue is whether any reasonable hypothesis can be found to support the questioned interpretation. In reviewing an arbitrator's award, a court will not set it aside for errors of law or fact unless the award is so irrational as to require vacatur *(Palmer v Allstate Ins. Co.,* 101 AD2d 127, 131; *Massapequa Gen. Hosp. v Travelers Ins. Co.,* 104 AD2d 638, 640).

The insured submitted a no-fault claim to recover the cost of an electric wheelchair. The petitioner Empire Mutual Insurance Company (hereinafter Empire) denied the claim solely upon the ground that the expense was not necessary, because "as per the physical exam on 6/25/86, the doctor states the applicant does not need a wheelchair but could use a walker". At no time prior to or during the proceeding before the arbitrator did Empire state that it was denying the claim on the ground that the expense for the electric wheelchair was incurred more than one year after the accident or that it exceeded the monetary limits in the policy and statutory provisions pertaining to coverage for "[a]ll other reasonable and necessary expenses" (Insurance Law § 5102 [a] [3]). The arbitrator determined the sole issue in dispute, whether the expense was reasonable and necessary, and found that it was necessary in view of the claimant's serious injuries and disability. Consequently, the arbitrator awarded the claimant no-fault benefits in the sum of $2,345 for the wheelchair. Empire appealed the award to the master arbitrator, raising for the first time the issue that the expense for the wheelchair was

incurred more than one year after the accident and, thus, violated the period of limitations set forth in the applicable policy and statutory provisions governing coverage for "[a]ll other reasonable and necessary expenses" (Insurance Law § 5102 [a] [3]). The master arbitrator affirmed the arbitrator's award.

It is clear that an error of law was made by the arbitrator in awarding no-fault benefits for an electric wheelchair expense incurred more than one year after the motor vehicle accident, albeit the expense was reasonable and necessary (see, Insurance Law § 5102 [a] [3]). Nevertheless, thêre is a rational basis for the master arbitrator's affirmance of the award. The affirmance was predicated upon finding that Empire had waived the period of limitations as a ground for disclaiming coverage by failing to assert that ground when it denied the claim (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862), and, alternatively, upon finding that, as in a court of law (see, Lister Elec. v Incorporated Vil. of Cedarhurst, 108 AD2d 731; Johnson v Elliott, 95 AD2d 874), the issue had not been preserved for appellate review on appeal to the master arbitrator because it was not raised before the arbitrator (see, 11 NYCRR 65.18 [c] [6]). Since the master arbitrator's award is not irrational, it was properly confirmed by the Supreme Court. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.