OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, modified by granting plaintiffs cross motion to the extent of remanding the matter to the court below for entry of an appropriate amended judgment in accordance with the decision herein; as so modified, affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, the court granted plaintiffs motion for partial summary judgment and plaintiff was directed to settle the judgment. The judgment entered on August 3, 2004 awarded plaintiff the amount sought plus attorney’s fees and costs. The judgment further stated that if plaintiff did not receive the entire amount of the judgment within five days, plaintiff would also be entitled to receive interest from May 4, 2000, the date of the first denial of claim form at issue. More than five days after the judgment was entered, defendant paid plaintiff the entire amount without including any interest. Plaintiff demanded that defendant also pay interest calculated from May 4, 2000, but defendant asserted that the portion of the judgment providing for interest from May 4, 2000 was improper. Defendant moved, inter alia, for an order modifying the judgment to “reflect the appropriate monetary award to plaintiff’ and to mark the judgment, as modified, satisfied. Plaintiff cross-moved, in effect, for an order modifying the judgment to provide for an award of interest, pursuant to Insurance Law § 5106 (a), from May 4, 2000. The court entered an order which, insofar as appealed from, awarded plaintiff interest pursuant to Insurance Law § 5106 (a) commencing on May 4, 2000.
Insurers are required either to pay or deny a claim for no-fault automobile insurance benefits within 30 days of receiving an applicant’s proof of claim (see 11 NYCRR former 65.15 [g] [3], now 11 NYCRR 65-3.8 [c]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]). An insurer which fails to timely pay said benefits “is required to pay interest at the rate of two percent per month on the claim for the period commencing 30 days after the claim was presented to the *15 defendant for payment until the date the claim was or is paid” (New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492, 494 [2006] [citations and internal quotation marks omitted]; see Insurance Law § 5106 [a]). However, pursuant to the Insurance Department regulations, accrual of interest is tolled where the claimant fails to submit the claim to arbitration or commence an action within 30 days after receipt of the denial of claim, and accrual of interest does not resume until either action is taken (see 11 NYCRR former 65.15 [h] [3], now 11 NYCRR 65-3.9 [c]; Massapequa Gen. Hosp. v Travelers Ins. Co., 104 AD2d 638, 640 [1984]; East Acupuncture, P.C. v Allstate Ins. Co., 15 Misc 3d 104 [App Term, 2d & 11th Jud Dists 2007]).
Accordingly, in the present case, because the claims were not paid and the denials were untimely, interest began to accrue 30 days after the dates on which defendant received the claims (Insurance Law § 5106 [a]; East Acupuncture, P.C. v Allstate Ins. Co., 15 Misc 3d 104 [2007], supra). However, since it is undisputed that plaintiff did not commence this action within 30 days after it received the denials issued by defendant with respect to plaintiffs claims, the accrual of interest was tolled upon plaintiffs receipt of the denials of claim and interest did not resume accruing until plaintiff commenced the instant action (see 11 NYCRR former 65.15 [h] [3], now 11 NYCRR 65-3.9 [c]; East Acupuncture, P.C. v Allstate Ins. Co., 15 Misc 3d 104 [2007], supra), and it continued to accrue, pursuant to Insurance Law § 5106 (a), until the judgment was entered on August 3, 2004. A review of the record reveals that the unpaid claims of $1,768.41, $420.40 and $407.80, which were the subject of this action, were received by defendant on April 3, 2000, May 19, 2000 and June 12, 2000, respectively, and that the corresponding denial of claim forms were received by plaintiff on May 9, 2000, July 25, 2000 and October 11, 2000.
Plaintiffs contention, that defendant’s partial payment was an acknowledgment of the validity of the judgment, is without merit. By seeking an order deeming the judgment satisfied, defendant demonstrated that it intended that its payment satisfy the judgment and not be a partial payment.
In light of the foregoing, the matter must be remanded to the court below for entry of an appropriate amended judgment.
Pesce, P.J., Weston Patterson and Golia, JJ., concur.