OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant opposed plaintiffs motion and cross-moved for summary judgment, arguing, inter alia, that the action was premature due to plaintiffs failure to provide requested verification. The court held that defendant failed to establish that its time to pay or deny plaintiffs claims was tolled since defendant’s follow-up verification request was sent to plaintiff prior to the expiration of the 30-day period within which plaintiff was supposed to provide the requested verification (Insurance Department Regulations [11 NYCRR] former § 65.15 [e] [2], now Insurance Department Regulations [11 NYCRR] § 65-3.6 [b]). As a result, the court granted plaintiffs motion for summary judg *3 ment and denied defendant’s cross motion for summary judgment. This appeal ensued.
While defendant argues that plaintiff did not establish a prima facie case because plaintiff did not prove its cost of the supplies furnished to plaintiffs assignor, a provider generally establishes its prima facie entitlement to summary judgment by proof of the submission of a statutory claim form, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; see also Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). A medical equipment provider is not required to prove its costs to establish its prima facie case for the recovery of no-fault benefits. Whether a provider’s benefits claim exceeded the amount permitted by the fee schedule is a mere defense to an action on a claim, which defense is precluded by an untimely denial (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]).
Inasmuch as defendant raises no other issue with respect to plaintiffs prima facie case, we do not otherwise pass upon the propriety of the determination by the court below with respect thereto.
In opposition to plaintiffs motion for summary judgment and in support of defendant’s cross motion, the supervisor of defendant’s no-fault department stated that because plaintiff failed to provide the requested verification, defendant did not pay or deny the subject claims submitted by plaintiff. We agree with the court below that defendant’s failure to adhere to the regulations governing initial and follow-up verification requests rendered ineffective its attempt to toll the 30-day claim determination period. Defendant admits that it mailed a follow-up verification demand 27 days after it mailed its initial demand, and we find the second request premature and without effect (see Insurance Department Regulations [11 NYCRR] former § 65.15 [e] [2], now Insurance Department Regulations [11 NYCRR] § 65-3.6 [b]). Contrary to defendant’s contention, the case of New York & Presbyt. Hosp. v American Tr. Ins. Co. (287 AD2d 699 [2001]) does not permit defendant to disregard the regulation governing the timing of a follow-up request for verification. As a result, defendant is precluded from raising most defenses, including its proffered defense of excessive fees (see Vista Surgical Supplies, Inc. v State Farm Mut. Ins. Co., 14 *4 Misc 3d 135[A], 2007 NY Slip Op 50163[U] [App Term, 2d & 11th Jud Dists 2007]). Consequently, the court properly granted plaintiffs motion for summary judgment and denied defendant’s cross motion for summary judgment.
While defendant argues that plaintiff was only entitled to recover the interest that accrued since the commencement of this action, such argument lacks merit (Insurance Department Regulations [11 NYCRR] § 65-3.9 [a], [c]; LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 46 AD3d 1290, 1291 [2007]; see also Brooklyn Chiropractic Assoc., P.C. v Progressive Cas. Ins. Co., 17 Misc 3d 13, 15 [App Term, 2d & 11th Jud Dists 2007]).