Wellness Diagnostic Imaging, P.C. v American Tr. Ins. Co. (2025 NY Slip Op 50628(U))

[*1]

Wellness Diagnostic Imaging, P.C. v American Tr. Ins. Co.

2025 NY Slip Op 50628(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-663 N C

Wellness Diagnostic Imaging, P.C., as Assignee of Monea Dingle, Appellant,
against
American Transit Insurance Company, Respondent. 

Roman Kravchenko and Jason Tenenbaum of counsel, for appellant.
Short & Billy, P.C. (Seok Ho [Richard] Kang of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated October 12, 2023. The order denied a petition in a proceeding pursuant to CPLR article 75 to vacate a master arbitrator's award dated March 27, 2023.

ORDERED that the order is modified by adding thereto a provision confirming the master arbitrator's award; as so modified, the order is affirmed, without costs.
Petitioner commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitrator's award dated March 27, 2023, which upheld the award of an arbitrator, rendered pursuant to Insurance Law § 5106 (b), denying petitioner's claims to recover assigned first-party no-fault benefits. The District Court (Ignatius L. Muscarella, J.) denied the petition.
In the decision, the arbitrator stated that, based on a stipulation, the only issue to be resolved was whether petitioner's assignor had appeared for scheduled independent medical examinations (IMEs). The arbitrator found that, as the assignor had not appeared, the assignor had failed to comply with a condition precedent to coverage under the insurance policy. The provider appealed the award to the master arbitrator who, by an award dated March 27, 2023, upheld the arbitrator's award. However, on appeal, petitioner contends that the arbitrator's award was contrary to settled law because the IME scheduling letters were not timely, the IMEs themselves were not timely, and because respondent's proffered defense was precluded as the denial of claim forms were untimely.
"A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212 [1981])" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800, 802 [2019]). Applying this standard, we find a rational basis for the determination of the master arbitrator upholding the arbitrator's award, as the award was predicated upon a stipulation between the parties and the arbitrator determined that, as a result of the stipulation, the only issue to be determined by the arbitrator was whether the assignor had appeared for the IMEs (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214 [1996]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). Consequently, the District Court properly denied the petition to vacate the master arbitrator's award (see Matter of Empire Mut. Ins. Co. v Jones, 151 AD2d 754 [1989]) but, in doing so, should have confirmed the award (see CPLR 7511 [e]).
We note that a special proceeding should terminate in a judgment, not an order (see CPLR 411).
Accordingly, the order is modified by adding thereto a provision confirming the master arbitrator's award.
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025