■ PAUL HEFFERNAN, Plaintiff, v. HERTZ CORP. et al, Respondents. UNITED STATES OF AMERICA, Intervenor-Appellant.— In a negligence action by a member of the United States Army to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County, dated November 10, 1969, which denied a motion by the United States of America for leave to intervene in the action as a party plaintiff. Order reversed, on the law and the facts, with $20 costs and disbursements, and motion granted. Appellant's complaint shall be served within 20 days after entry of the order hereon and respondents' answer thereto shall be served within 20 days after service of said complaint. In our opinion, the Federal Medical Care Recovery Act (U. S. Code, tit. 42, § 2651 et seq.) gives the United States the absolute right to intervene in a State or Federal court to recover the reasonable value of the care and treatment furnished or to be furnished by the United States when an injured member of the United States Army brings an action against his tort-feasors (Carrington v. Vanlinder, 58 Misc 2d 80; Tolliver v. Shumate, 151 W. Va. 105; cf. United States v. Gera, 409 F. 2d 117). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ PAUL HOLMES, an Infant, by His Father and Natural Guardian, ROBERT P. HOLMES, et al., Respondents, v. CHARLES W. RIEBER, Appellant.— Interlocutory judgment of the Supreme Court, Suffolk County, dated September 8, 1969, affirmed. No opinion. Appeal from order of the same court dated April 7, 1969, dismissed (Fortgang v. Chase Manhattan Bank, 29 A D 2d 41). One bill of costs is allowed to respondents to cover both appeals. Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.