■ ELEANOR SENECA, as Administratrix of the Estate of GRANT F. SENECA, Deceased, Appellant, v GILBERT MOHAWK, Respondent, et al., Defendant.—Judgment reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: Plaintiff seeks to recover for injuries allegedly sustained by her intestate as a result of an automobile accident. The accident occurred when decedent was a passenger in a stopped automobile which was struck by an automobile owned and operated by defendant Mohawk. The proof of defendant's negligence and plaintiff's freedom from contributory negligence is all but conclusive. Defendant contends, however, that decedent's injury did not occur in the accident, but instead occurred during a subsequent period of intoxication, when decedent fell down the stairs of his front porch. And he further contends that the history given by defendant to his doctors that the injury was caused by the automobile accident is not to be believed because of decedent's prior history of mental illness. In line with this evidence, much of which was elicited over the objection of counsel, the court then charged the jury on the duty of care required of mental incompetents and intoxicated persons charged with contributory negligence. These charges on intoxication and incompetence

were entirely irrelevant to defendant's contributory negligence since there was no serious contention that plaintiff had failed to exercise reasonable care for his own safety at the time of the automobile accident. The issue for the jury's consideration was causation, not contributory negligence, and the judgment must be reversed. It was error to permit the extended discussion of the decedent's prior hospitalizations for mental illness. The stated reasons for this evidence were to demonstrate that plaintiff was unemployable (there was no attempt by plaintiff to prove lost wages at the trial and none was claimed in the bill of particulars), to show that his medical history was unreliable because of this mental illness and because he was "interested in the outcome of the lawsuit." The effect that the decedent's mental illness may have had upon his credibility could not be established, as defendant attempted, by permitting an orthopedic surgeon to read summary sheets and clinical diagnoses from the records of his past hospitalizations for mental difficulties without connecting it medically with evidence tending to prove decedent fabricated the history of the injuries in suit. Nor was the evidence admissible to establish that plaintiff was interested in the outcome of the lawsuit. All injured plaintiffs are interested in the outcome of their lawsuits. That fact is inherent in taking medical histories and the hospital records neither added to nor subtracted from that obvious fact. The final issue raised by the parties concerns the effect the Federal Government's claim for care and treatment at the Veteran's Administration Hospital had upon the use of that hospital bill during this trial. A separate action for recovery of the reasonable cost of treatment has been instituted by the United States in Federal court pursuant to section 2651 of title 42 of the United States Code (Public Health & Welfare). The charges for such services are not, therefore, a part of defendant's claim. The jury may, for the purpose of compensating plaintiff for decedent's conscious pain and suffering, consider the extent and nature of the services rendered to decedent at the Veteran's Administration Hospital and whether they were reasonably necessary in the treatment of any injury sustained as the result of defendant's negligence, but the amount of the charges may not be proved. All concur except Moule, J. P. who dissents and votes to affirm the judgment in the following memorandum: This is an automobile negligence action arising out of a November 3, 1964 two-car accident in the Town of Brant in Erie County. Plaintiff's intestate was a passenger in the rear seat of a parked automobile. He claims to have sustained serious injuries to his lower leg when the car in which he was seated was struck by a car driven by defendant Mohawk. The evidence clearly shows, however, that plaintiff's intestate walked away from the accident carrying a case of cider and displaying no sign of physical injury. It also shows that later that day he fell down a flight of stairs with a jug of cider in his hand and badly bruised the lower portion of the same leg alleged to have been injured in the automobile accident. It is clear that the principal issue upon which this case was tried involved the question of whether the injuries which plaintiff's intestate sustained were the result of the automobile accident or the subsequent fall. Although the court allowed the jury to consider the possibility that plaintiff's intestate's negligence contributed to the automobile accident, its charge on this point was so compelling as to amount to an instruction that contributory negligence was not a factor and no reasonable view of the evidence could lead to a conclusion that it was. Furthermore, in view of the overwhelming testimony of eyewitnesses which established that plaintiff's intestate injured his leg in the fall and not in the automobile accident, any error which the court may have committed in allowing irrelevant evidence

concerning his prior mental illnesses was certainly harmless *(Cornwell v Safeco Ins. Co.,* 42 AD2d 127, 137). The judgment should, therefore, be affirmed. (Appeal from judgment of Erie Supreme Court—automobile negligence.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.