Constantine DEMETRIADIS, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 78 C 2244.

United States District Court, E. D. New York.

Feb. 13, 1979.

Merton H. Ewall, Huntington, N. Y., for plaintiff.

Edward R. Korman, U. S. Atty., E. D. N. Y. by Richard Caro, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge:

By motion submitted without oral argument on February 7, 1979, defendant seeks to dismiss this action pursuant to FRCP 12(b) on grounds that the court lacks subject matter jurisdiction and that no claim is stated upon which relief can be granted.

Plaintiff, a federal employee, was injured in a motor vehicle accident in New York

State on March 6, 1976, while operating a postal vehicle within the scope of his employment with the defendant. Although plaintiff received compensation for his injury under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*, he sought further compensation under New York's "no-fault" insurance law. N.Y. Ins. Law §§ 600 *et seq.* When defendant refused to provide plaintiff with forms to complete for "no-fault" benefits, plaintiff took the matter to arbitration.

An arbitration hearing was held on January 16, 1978; although properly notified, the defendant declined to attend, taking the position that it was not subject to compulsory arbitration under state law and that the provisions of the FECA were plaintiff's exclusive remedy against the government as a federal employee. The arbitrator rendered an award to the plaintiff on January 27, 1978 in the amount of $9,115.00 for medical expenses and lost wages, plus counsel and administration fees. Defendant objected to the award by letter dated February 28, 1978, but the arbitrator refused to vacate or modify the award. Plaintiff then commenced a proceeding initially in the New York State Supreme Court, Suffolk County, to confirm the arbitration award and compel its payment. Defendant subsequently removed the action to this court pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1), and then filed the instant motion to dismiss. Plaintiff submitted no papers in opposition to the motion, advising the court that he relies on the papers initially filed in the state court.

Plaintiff contends that he is entitled to no-fault benefits because a vehicle owned by defendant is not exempt from New York's no-fault law. In support of this, plaintiff refers to § 321(1) of the N.Y. Vehicle and Traffic Law, which excludes vehicles owned by the United States from "furnishing security", but points out that § 321(2) declares that vehicles exempted by subsection 1 are not exempt from the no-fault law. In effect, plaintiff is arguing that this New York statutory provision affects the liability of the United States to compensate him for his injury. This contention is erroneous.

■ The FECA provides that "[t]he United States shall pay compensation * * for the disability or death of an employee resulting from personal injury sustained while in the performance of his duties * * *," 5 U.S.C. § 8102(a), and that "[t]he liability of the United States or an instrumentality thereof [under the FECA] with respect to the injury * * * of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee * * *." 5 U.S.C. § 8116(c). Courts have consistently held that the FECA is a federal employee's exclusive remedy for personal injuries sustained during the course of federal employment. *Galimi v. Jetco, Inc.*, 514 F.2d 949, 952–53 (CA2 1975); *Travelers Ins. Co. v. U. S.*, 493 F.2d 881, 884–87 (CA3 1973); *Noga v. United States*, 411 F.2d 943, 945 (CA9 1969); *Sheridan v. Di Giorgio*, 372 F.Supp. 1373, 1374–75 (E.D.N.Y.1974) *aff'd* 505 F.2d 727 (CA2 1974), *cert. denied* 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 671 (1975). See also *Granade v. United States*, 356 F.2d 837, 841 (CA2 1966), *cert. denied* 385 U.S. 1012, 87 S.Ct. 720, 17 L.Ed.2d 549 (1967).

■ Under the Supremacy Clause of the Constitution and Supreme Court cases construing it, a state, within its local boundaries, may not regulate or control the affairs of the federal government so as to impede, burden, control or prevent the exercise of its sovereign powers. U.S. Constitution, Art. VI, cl. 2; *McCulloch v. Maryland*, 4 U.S. [Wheat.] 316, 4 L.Ed. 579 (1819). See also *United States v. Georgia Public Service Comm'n*, 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963); *Public Utilities Comm'n v. United States*, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958). In the context of this case, plaintiff would have N.Y. Vehicle & Traffic Law § 321(2) determine that a federal employee is entitled to no-fault benefits under state law in addition to the FECA benefits. However, since Congress has provided that FECA is the exclusive measure of the government's liability, plaintiff's argument cannot be sustained.

Accordingly, defendant's motion to dismiss this action is granted.

SO ORDERED.