*1063 OPINION OF THE COURT
Harold J. Hughes, J.
The issue presented on this motion to dismiss for failure to state a cause of action is whether New York’s no-fault law which precludes a plaintiff from recovering basic economic loss (lost earnings and medical expenses) in a personal injury action against the tort-feasor likewise bars the Federal Government from intervening in the State court action pursuant to the Medical Care Recovery Act (US Code, tit 42, §§ 2651-2653) and recouping from the tort-feasor the amount of medical care it has provided to the plaintiff.
Plaintiff husband, a member of the armed forces, and his wife received personal injuries on February 21, 1975, when the automobile he was driving collided with an automobile owned by Judith Kalteux and operated by William Kalteux. The Hildebrandts received no-fault insurance benefits and, in addition, had their medical expenses paid by the Federal Government. Thereafter, they commenced a personal injury action against William and Judith Kalteux alleging "serious injury” and seeking to recover for their noneconomic loss (pain and suffering). On August 31, 1978, an order was granted permitting the United States to intervene as a party-plaintiff and assert a cause of action on its own behalf pursuant to the Medical Care Recovery Act to recoup from defendants the amount of medical expenses it paid for the treatment of the injuries sustained by the Hildebrandts.
Defendants’ motion to dismiss alleges that the United States seeks to be subrogated to the claims of the Hildebrandts to the extent that the United States paid for their medical treatment, and since under sections 671 and 673 of the Insurance Law the Hildebrandts could not recover for medical expenses (basic economic loss), neither can the United States since it is fundamental that a subrogee can have no greater rights than the subrogor. The United States contends that its status is not that of a mere subrogee, but, rather, that it is asserting an independent Federal statutory cause of action given to it by Congress, and that under the supremacy clause of the United States Constitution, State law cannot impede or abridge that cause of action.
Section 2651 of title 42 of the United States Code provides in pertinent part: "In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who *1064 is injured or suffers a disease * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished.”
Under the statute "the United States is not a subrogee in the technical sense, but its recovery depends solely on establishing liability to the injured person on the third party” (Carrington v Vanlinder, 58 Misc 2d 80, 83). The United States has an independent statutory cause of action which is subject only to a State substantive defense which would bar the entire cause of action against the tort-feasor rather than merely limit some of the elements of recovery (Carrington v Vanlinder, supra, p 83). The United States has "the absolute right to intervene in a State or Federal court to recover the reasonable value of the care and treatment furnished or to be furnished by the United States when an injured member of the United States Army brings an action against his tortfeasors” (Heffernan v Hertz Corp., 34 AD2d 552). The Government’s cause of action for medical services is independent of the Hildebrandts’ and the charges for the medical services cannot be a part of the Hildebrandts’ recovery, which is limited to noneconomic loss, but will be a separate recovery in the United States’ favor, although there is some authority that the jury could consider the amount of the medical bills in determining how much to compensate the Hildebrandts for pain and suffering (Seneca v Mohawk, 52 AD2d 1053, 1054). Furthermore, it has been held that State law defenses which would bar recovery by the injured party, such as a release given by the injured party, a Statute of Limitations, or the intrafamily immunity doctrine, will not operate to bar recovery by the Federal Government (see Medical Care — Third-Party Liability, Ann. 7 ALR Fed 289).
The interplay between a State no-fault law and the United States statutory cause of action under section 2651 of title 42 of the United States Code has been addressed by State courts in other jurisdictions. In United Servs. Auto. Assn. v Holland (283 So 2d 381, 385 [Fla]), a Florida appellate court stated: "There can be no doubt but that if [the injured party’s] claim for damages resulting from his injuries was the subject of litigation brought against his tortfeasor, the United States could intervene in the case and claim recovery for the value of the medical services furnished by it to [the injured party]. The *1065 right to reimbursement so vested in the United States may not be extinguished merely because the no-fault insurance law immunizes tortfeasors from liability for claims falling within the limitations of the statute and substitutes the insurer for the tortfeasor as the one from whom recovery must be sought.”
In Sanner v Government Employees Ins. Co. (150 NJ Super 488, affd 75 NJ 460), ah appellate court of the State of New Jersey, in reviewing the United States’ right to recover under section 2651 of title 42 of the United States Code as affected by New Jersey’s no-fault statute stated, "the No Fault Law cannot be interpreted to extinguish this right.” In footnote 1 at page — of the Sanner decision, the New Jersey court expressed its view that if the State no-fault law completely barred recovery by the injured party against the tort-feasor, then the Federal Government would not have a claim under section 2651 of title 42 of the United States Code against that tort-feasor, but if suit were allowed for some type of damage after passing a certain statutory threshold then the United States had an unchallenged right to pursue its right to recover for medical expenses against the tort-feasor. This court shares that view. In cases under our statute in which the injured party has not sustained "serious injury” and is completely barred from suit against the tort-feasor, the Federal Government would have no action pursuant to the Medical Care Recovery Act against the tort-feasor. This result is dictated by the very language of section 2651 of title 42 of the United States Code which requires that the State law create "a tort liability upon some third person” before the statutory cause of action in favor of the United States arises.
The situation involving an injured person sustaining "serious injury” presents an entirely different picture since section 673 of our Insurance Law authorizes a lawsuit against the tort-feasor for noneconomic loss (pain and suffering) in the case of "serious injury”. Thus, under the language of the Federal statute our no-fault law does give rise to a case where "a person * * * is injured * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor”. The argument of defendants that since section 673 of the Insurance Law bars the Hildebrandts from suing for medical expenses (basic economic loss) the United States is likewise barred, cannot be sustained in view of the recent holding in Matter of Granger v Urda (44 NY2d 91).
*1066 The Granger case presented an issue similar to the one herein. The plaintiff therein was injured in an automobile accident during the course of his employment and received workers’ compensation benefits from his employer’s carrier. He sued the negligent party and recovered a substantial verdict from which the trial court deducted a sum for lost wages and medical expenses (basic economic loss) which the plaintiff could not recover from the third parties due to the prohibition contained in subdivision 1 of section 673 of the Insurance Law. The compensation carrier then asserted a lien against plaintiff’s recovery to recover the amount of the benefits it had paid plaintiff. Plaintiff objected to this lien, arguing that it was unfair since his lost earnings and medical expenses had been deducted from his recovery, he was being placed in the position of being a self-insurer for his own lost earnings and medical expenses. The Appellate Division agreed with the argument holding that since no part of plaintiff’s recovery could consist of basic economic loss, there was nothing for the lien to attach to. The Court of Appeals reversed. It agreed that the statutes read together were unfair and worked a hardship on the plaintiff, but held that the words "any recovery” contained in section 29 of the Workers’ Compensation Law encompassed a recovery under the no-fault law even though lost earnings and medical expenses could not be a part of that recovery. The court suggested that "corrective legislative action is advisable, if not imperative” (Matter of Granger v Urda, supra, p 99). Such corrective legislation has been enacted (L 1979, ch 572).
Likewise, allowing the Federal Government to proceed herein may be unfair and work a hardship on the Kalteuxs’ insurance carrier by requiring it to pay no-fault benefits for medical expenses twice, once to the Hildebrandts and once to the United States.* This is so because the accident occurred prior to the December 1, 1977 amendment to section 674 of the Insurance Law so that the Hildebrandts’ carrier would be entitled to a loss transfer from the Kalteuxs’ carrier for any no-fault benefits it paid. However, irrespective of harsh results this court is compelled to conclude that the language of section 2651 of title 42 of the United States Code of "a tort liability upon some third person * * * to pay damages” is just as broad as the phrase "any recovery” in section 29 of the *1067 Workers’ Compensation Law. Any inequities in the interaction of the statutes is a matter for legislative, rather than judicial, amelioration.
The defendants’ motion to dismiss the cause of action of the United States shall be denied, without costs.

 The motion papers state that the Hildebrandts received no-fault benefits. No question has been raised here as to their entitlement thereto.