JAMES JOYCE, Appellant, v GERRY WINKLER, Respondent.

Fourth Department, November 16, 1979

APPEARANCES OF COUNSEL

*Francis X. Murphy* for appellant.

*O'Shea, Adamson, Reynolds & Napier (Linda Pipo* of counsel), for respondent.

## OPINION OF THE COURT

CALLAHAN, J.

Plaintiff, an employee of the United States Postal Service, instituted this negligence action against defendant to recover damages for injuries which he suffered in a motor vehicle accident on December 20, 1974 while operating a postal delivery jeep. Since plaintiff was injured during the course of his employment, he received full wages and medical treatment under the Federal Employees' Compensation Act (FECA) (US Code, tit 5, § 8101 *et seq.).* In response to defendant's demand for bill of particulars, plaintiff averred that article 18 of the New York Insurance Law (Comprehensive Automobile Insurance Reparations Act, commonly known as the "no-fault" law) has no application to an operator of a United States postal truck injured in the scope of his employment. Defendant thereupon moved for summary judgment to dismiss plaintiff's complaint for failure to allege, as required by CPLR 3016 (subd [g]) that plaintiff sustained a serious injury as defined in subdivision 4 of section 671 of the Insurance Law, or economic loss greater than basic economic loss as defined in subdivision 1 of section 671 of the Insurance Law. Special Term in a memorandum decision held plaintiff to be a "covered person" as defined under subdivision 10 of that section. An order was thereafter entered dismissing plaintiff's complaint. Plaintiff appeals from that order.

Plaintiff contends that article 18 of the Insurance Law (the "no-fault" law) does not apply to accidents involving motor vehicles of the United States or its employees operating them. We disagree. Plaintiff's analysis of the "no-fault" statute is erroneous. We are not concerned here with an action against the United States. Vehicles owned by the United States are excluded from furnishing security under the New York Motor Vehicle Financial Security Act (Vehicle and Traffic Law,

§ 321, subd 1); however, such vehicles are not exempt from the provisions of the "no-fault" law (Vehicle and Traffic Law, § 321, subd 2). "Covered person" as defined in the "no-fault" law means "any * * * operator * * * of, a motor vehicle * * * which is referred to in subdivision two of section three hundred twenty-one of such law" (Insurance Law, § 671, subd 10). Special Term therefore was correct in finding plaintiff to be a "covered person".

Plaintiff as recipient of full FECA benefits has suffered no economic loss. On the facts herein presented he may not, on behalf of himself or the United States Postal Service, maintain a claim for his economic loss (Insurance Law, § 673, subd 1). The United States Postal Service, as his employer, has an independent statutory cause of action to recover against any tort-feasor pursuant to the Medical Care Recovery Act (US Code, tit 42, § 2651) and had the absolute right to intervene in a State action to recover the reasonable value of the economic loss paid to its employee (*Heffernan v Hertz Corp.,* 34 AD2d 552; *Hildebrandt v Kalteux,* 98 Misc 2d 1062).

While plaintiff is not entitled to additional "no-fault" or first-party benefits from the United States Postal Service (*Demetriadis v United States Postal Serv.,* 465 F Supp 597), in the event that he has sustained "serious injury" he is not precluded from pursuing a cause of action against any responsible third-party tort-feasor seeking recovery for his noneconomic loss (pain and suffering) (Insurance Law, § 673, subd 1). Where there is no right of recovery for basic economic loss, such loss may nevertheless be pleaded and proved to the extent that it is relevant to the proof of noneconomic loss (Insurance Law, § 673, subd 3). In plaintiff's action the jury may consider the amount of medical bills in determining how much to compensate plaintiff for pain and suffering (*Seneca v Mohawk,* 52 AD2d 1053). The recovery of the Postal Service claim is independent of and cannot be part of plaintiff's recovery (*Matter of Granger v Urda,* 44 NY2d 91).

CPLR 3016 (subd [g]) requires that in an action within subdivision 1 of section 673 of the Insurance Law for personal injuries arising out of negligence in the use or operation of a motor vehicle, the complaint shall state that the plaintiff has sustained a serious injury, as defined in subdivision 4 of section 671 of the Insurance Law, or economic loss greater than basic economic loss as defined in subdivision 1 of section 671 of the Insurance Law. It was incumbent upon plaintiff to

set forth facts evidentiary in nature in order to defeat defendant's motion. Plaintiff has the burden to establish compliance with the mandated threshold for economic loss as defined in the statute then in effect and/or to allege serious injury. Plaintiff's complaint does allege that he sustained serious permanent bodily injuries, and his verified bill of particulars asserts an aggravation of an old injury to the knee which has become weak and gives way on strain. In response to defendant's motion to dismiss, plaintiff submitted a doctor's report verifying that his knee "gave out" and plaintiff was caused to fall down some stairs. From our review of the record we note that Special Term did not respond to the gravamen of the motion in its memorandum decision but held only that the plaintiff is a covered person and subject to the provisions of article 18 of the Insurance Law. We find no directive in the court's decision dismissing the complaint. It would appear that a question of fact was properly raised at Special Term as to the existence of a "serious injury". Upon finding that plaintiff was a covered person, Special Term in the proper exercise of its discretion should have permitted plaintiff to amend his bill of particulars.

Inasmuch as there has been no examination before trial herein and defendant had no opportunity to have the plaintiff examined by a physician of his choice, it appears that whether plaintiff sustained a "serious injury", and any other threshold issue under the "no-fault" law, are best left for a jury to resolve (Sanders v Rickard, 51 AD2d 260). Thus, Special Term erred in ordering dismissal of the complaint.

SIMONS, J. P., SCHNEPP, DOERR and WITMER, JJ., concur.

Order unanimously reversed, without costs and motion denied.