■ CITY OF BUFFALO, Appellant, v WALLACE E. MURRY, Respondent. — Order unanimously affirmed, with costs. Memorandum: Plaintiff's complaint alleges that two Buffalo policemen were injured in a motor vehicle accident involving defendant and that since the officers were on duty at the time, the city was required, pursuant to section 207-c of the General Municipal Law, to pay medical and hospital expenses and wages. Plaintiff seeks a judgment from defendant for reimbursement of these expenses totaling $3,329.76. Defendant moved for summary judgment contending that the action for medical expenses and lost wages is barred by subdivision 1 of section 673 of the Insurance Law. That statute provides in part: "in any action by or on behalf of a covered person * * * for personal injuries arising out of negligence in the use or operation of a motor vehicle, in this state, there shall be no right of recovery for * * * basic economic loss." The definition of basic economic loss includes medical expenses and lost wages. The city contends that notwithstanding the provision of the Insurance Law it is entitled to reimbursement because of the following portions of subdivision 6 of section 207-c of the General Municipal Law: "Notwithstanding any provision of law contrary thereto contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party." The right of recovery granted to municipalities in 1961 by subdivision 6 of section 207-c is now limited by the subsequenly enacted no-fault law (Insurance Law, § 670 *et seq.).* The police officers are covered persons (see Insurance Law, § 671, subd 10; Vehicle and Traffic Law, § 321, subd 2; and see *Joyce v Winkler,* 71 AD2d 28), and as covered persons, they could not maintain an action for basic economic loss (Insurance Law, § 673, subd 1). The city's right to recover under the General Municipal Law is derivative (see *City of Buffalo v Maggio,* 21 NY2d 1017), and since the no-fault law bars the policemen's action, it also bars the city's action. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Simons, Schnepp and Doerr, JJ.