■ In the Matter of the Dissolution of CHAMPAGNE-KNIGHT CONSTRUCTION COMPANY. LEONARD W. CHAMPAGNE, Respondent; EARL C. KNIGHT, Appellant. — Order unanimously affirmed, with costs. Memorandum: In affirming, we note that Special Term's order directing payment by petitioner to respondent of $287.34 is premised upon petitioner's assertion in his moving papers that the referee's fee was $2,600. The order, however, directs payment to the referee of $2,400 and if that is the correct amount, respondent is entitled to payment of an additional $100 representing one half of the difference. This issue has not been addressed on appeal but in the interest of justice respondent is authorized, if so advised, to move at Special Term to resettle the order for the limited purpose of correcting the mathematical computation (see CPLR 2221). (Appeal from order of Supreme Court, Erie County, Bayger, J. — dissolution of corporation.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.

■ ROBERT BLAKE et al., Respondents, v WENDELL FORD et al., Appellants. — Order unanimously reversed, without costs, and motion granted, in accordance with the following memorandum: Four fire fighters were injured when their fire truck collided with the defendants' automobile and they brought suit under section 205-a of the General Municipal Law. The defendants moved for summary judgment to dismiss the complaint on the ground that it failed to allege that the plaintiffs had suffered "serious injury" within the meaning of the No-Fault Law (Insurance Law, § 673 *et seq.*). Special Term denied the motion, holding that the rights provided fire fighters under section 205-a of the General Municipal Law are not limited by the provisions of the No-Fault Law. We reverse. Section 205-a, "[i]n addition to any other right of action or recovery under any other provision of law," gives fire fighters a statutory cause of action for injuries incurred during the performance of duty caused by the negligence of any person in failing to comply with the requirement of any statute, ordinance, or rule of any governmental agency. We have previously held that this section applies to injuries sustained by fire fighters in a motor vehicle accident (*Coady v Carnes,* Supreme Ct, Erie County, March 31, 1965, Lawless, J., affd 27 AD2d 647). The subsequently enacted No-Fault Law in plain language states that *"[n]otwithstanding any other law,* in any action * * * for personal injuries arising out of negligence in the use or operation of a motor vehicle * * * there shall be no right of recovery for non-economic loss, except in the case of serious injury". (Insurance Law, § 673, subd 1; emphasis added.) Thus, the No-Fault Law restricts the right of recovery in all motor vehicle accident cases involving covered persons. Notwithstanding section 205-a, in the absence of a showing of "serious injury", fire fighters may not maintain an action against a covered person for personal injuries arising out of the use of a motor vehicle. Since there is an indication in the record that some of the fire fighters may have suffered serious injuries, our order is without prejudice to the rights of the plaintiffs, if they be so advised, to apply at Special Term for leave to serve an amended complaint (see *Sanders v Schiffer,* 39 NY2d 727). (Appeal from order of Supreme Court, Erie County, Doyle, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.