■ . INCORPORATED VILLAGE OF FREEPORT, Appellant, v MILTON SANDERS et al., Defendants and Third-Party Plaintiffs-Respondents. KRESSNER & SCHULMAN et al., Third-Party Defendants-Respondents. — In an action to recover payments made by plaintiff to its injured employee pursuant to subdivision 6 of section 207-c of the General Municipal Law, plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Vitale, J.), dated June 7, 1983, which, in effect, granted defendants and third-party defendants' motions for summary judgment to the extent of dismissing so much of the complaint as sought payments representing "basic economic loss" as defined in section 671 of the Insurance Law and (2) an order of the same court, dated August 24, 1983, which denied defendants' motion for reargument. ¶ Appeal from the order dated August 24, 1983 dismissed, without costs or disbursements. No appeal lies from an order denying reargument and plaintiff is not aggrieved by the denial of defendants' motion for reargument (CPLR 5511). ¶ Order dated June 7, 1983, affirmed, without costs or disbursements. ¶ On August 6, 1979, a police officer employed by the plaintiff Incorporated Village of Freeport sustained personal injuries and was disabled as a result of the alleged negligence of the defendants in their ownership and operation of an automobile. The village paid its employee, during his disability, the sum of $52,633.67 for lost wages and $9,966.38 for medical expenses, pursuant to subdivision 1 of section 207-c of the General Municipal Law. ¶ Thereafter the village commenced the instant action against the defendants to recover these payments pursuant to subdivision 6 of section 207-c of the General Municipal Law which provides as follows: "6. Notwithstanding any provision of law contrary thereto contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party." ¶ Thereafter the defendants and third-party defendants moved for summary judgment dismissing the complaint, arguing that the action could not be maintained by the village by virtue of subdivision 1 of section 673 of the Insurance Law which provides in relevant part: ¶ "§ 673.

Causes of action for personal injury. ¶ "1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of serious injury, or for basic economic loss". ¶ In view of (1) the fact that the injured police officer was a covered person under subdivision 10 of section 671 of the Insurance Law and could not have maintained an action for basic economic loss against other covered persons, i.e., the defendants (see Insurance Law, § 673, subd 1; § 671, subd 10; *Joyce v Winkler,* 71 AD2d 28), and (2) the village's right to recover under subdivision 6 of section 207-c of the General Municipal Law is derivative in nature (see *City of Buffalo v Maggio,* 21 NY2d 1017), the defendants and the third-party defendants argued that summary judgment was appropriate. ¶ In effectively granting defendants and the third-party defendants partial summary judgment, Special Term held that plaintiffs could only recover those "payments made by plaintiff to its former police officer-employee as required under § 207-c [of the General Municipal Law which] were in excess of what constitutes 'basic economic loss' as defined in *Insurance Law § 671".* ¶ We agree with the ruling of Special Term, which is in accord with the holding of the Appellate Division, Fourth Department, in the case of *City of Buffalo v Murry* (79 AD2d 1096, mot for lv to app den 53 NY2d 601) and which is directly on point. In that case, two police officers were injured in a motor vehicle accident. Since the officers were on duty at the time, the city was required, pursuant to subdivision 1 of section 207-c of the General Municipal Law, to pay them for lost wages and medical and hospital expenses. The city then commenced an action against the alleged tort-feasor, seeking reimbursement of such payments, which totaled $3,329.76. Defendant moved for summary judgment contending that the action for medical expenses and lost wages was barred by subdivision 1 of section 673 of the Insurance Law. In opposition to the motion, the city argued that notwithstanding that provision of the Insurance Law, it was entitled to reimbursement pursuant to subdivision 6 of section 207-c of the General Municipal Law. ¶ In affirming an order of Special Term granting defendant's motion for summary judgment, the Appellate Division, Fourth Department, held (*City of Buffalo v Murry, supra*): "The right of recovery granted to municipalities in 1961 by subdivision 6 of section 207-c is now limited by the subsequently enacted no-fault law (Insurance Law, § 670 *et seq.*). The police officers are covered persons (see Insurance Law, § 671, subd 10; Vehicle and Traffic Law, § 321, subd 2; and see *Joyce v Winkler,* 71 AD2d 28), and as covered persons, they could not maintain an action for basic economic loss (Insurance Law, § 673, subd 1). The city's right to recover under the General Municipal Law is derivative (see *City of Buffalo v Maggio,* 21 NY2d 1017), and since the no-fault law bars the policemen's action, it also bars the city's action." Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.