OPINION OF THE COURT
Allan L. Winick, J.
In this case, plaintiff, Samuel Brooks, moves to dismiss the second counterclaim interposed by defendant, County of Nassau, in action No. 3, pursuant to CPLR 3211 (a) (7).
These actions arise out of an automobile collision which occurred between an automobile owned and operated by Brooks and a police vehicle owned by the County of Nassau and operated by Donna Alden (codefendant in action No. 3). The defendants, in their answer, interposed a counterclaim for the recovery of medical expenses in the sum of $5,541.58, and lost earnings in the amount of $41,574.60, for a total of $47,116.18. The County of Nassau bases this counterclaim on General Municipal Law § 207-c (6), which states: "Notwithstanding any provision of law contrary thereto contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party.”
However, with the implementation of the New York State No-Fault Automobile Insurance Law (Insurance Law art 51), the right of a municipality to recover its out-of-pocket medical expenses and lost wages is now limited. In a recent case directly on point, Incorporated Vil. of Freeport v Sanders (101 AD2d 808, 809 [1984]), the Appellate Division, Second Department, held (quoting a 1981 case, City of Buffalo v Murry (79 AD2d 1096, lv denied 53 NY2d 601): " 'The right of recovery granted to municipalities in 1961 by subdivision 6 of section 207-c is now limited by the subsequently enacted no-fault law (Insurance Law, § 670 et seq.). The police officers are covered persons (see Insurance Law, § 671, subd 10; Vehicle and Traffic Law, § 321, subd 2; and see Joyce v Winkler, 71 AD2d 28), and as covered persons, they could not maintain an action for basic economic loss (Insurance Law, § 673, subd 1). The city’s right to recover under the General Municipal Law is derivative (see City of Buffalo v Maggio, 21 NY2d 1017), and since the no-fault law bars the policemen’s action, it also bars the city’s action.’ ”
*1029 The defendant, County of Nassau, in opposition to plaintiffs motion to dismiss their second counterclaim, takes the position that General Municipal Law § 207-c (6) must now, in this case, take precedence over the no-fault provision, rather than the no-fault provision taking precedence over the General Municipal Law provision, as the Appellate Division has in the past held. Essentially, what they contend is that, because section 207-c was amended in 1985, without any changes made in subdivision (6), and the no-fault provision was last amended in 1984, "the most recent expression of legislative intent is to leave section 207 (c) (6) intact and in force and effect as to Article 51”. They further contend that, because Incorporated Vil. of Freeport v Sanders (supra) and City of Buffalo v Murry (supra) were decided prior to the 1985 amendment to section 207-c, these two decisions are no longer applicable to the case at bar.
The court finds the county’s position is without merit. It is the law in New York that, where an amendment leaves portions of the original act unchanged, such portions are continued in effect, with the same meaning and effect as they had before the amendment. (Robinson v County of Broome, 195 Misc 24 [1948], affd 276 App Div 69 [1949], affd 301 NY 524 [1950]; 82 CJS, Statutes, § 384; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 193.) With respect to the case at bar, then, it cannot correctly be said that the Legislature’s act of amending section 207-c, without altering subdivision (6), is an indication that they intended for section 207-c (6) to take precedence over Insurance Law article 51. That the Legislature left subdivision (6) unchanged says nothing at all about the present position of this subdivision with respect to the no-fault insurance provision with which it is here in conflict.
Furthermore, it is a familiar rule of statutory construction that when the Legislature amends a statute it will be assumed to have known of judicial decisions interpreting the statute as then existing (People ex rel. Makin v Wilkins, 22 AD2d 497 [1965]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 191). "[I]f it deals with it in a manner which does not rebut or overthrow the judicial interpretation it will be regarded as having legislated in the light of and as having accepted such interpretation.” (Orinoco Realty Co. v Bandler, 233 NY 24, 30 [1922].)
In light of the fact that the Legislature left section 207-c (6) unchanged in 1985, it is apparent that they accepted the *1030 judicial interpretation of that provision as expressed by the courts in Incorporated Vil. of Freeport (supra) and City of Buffalo (supra). As a result, these decisions carry as much weight today as they did at the time that they were decided.
Since the Appellate Division in Incorporated Vil. of Freeport (supra) and City of Buffalo (supra) has clearly held that, in cases like the one presently at bar, the no-fault insurance provision takes precedence over General Municipal Law § 207-c (6), and there exists no sound reason for questioning the validity of these decisions today, plaintiff’s motion to dismiss the county’s second counterclaim, pursuant to CPLR 3211 (a) (7), will be granted.
Plaintiff’s motion is hereby granted.