■ VILLAGE OF SUFFERN, Appellant, v FRANCINE B. BAELS, Respondent. [627 NYS2d 420] —In an action to recover payments made by the plaintiff Village of Suffern to its injured employee pursuant to General Municipal Law § 207-c (6), the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated November 17, 1993, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, without prejudice to the plaintiff, if it be so advised, moving in the Supreme Court, Rockland County, for leave to plead again.

The plaintiff's potential recovery pursuant to General Municipal Law § 207-c (6) of payments made to a police officer injured by the alleged negligence of the defendant in her ownership and operation of an automobile is limited by Insurance Law article 51 *(see, Incorporated Vil. of Freeport v Sanders,* 101 AD2d 808; *City of Buffalo v Murry,* 79 AD2d 1096), since the plaintiff's cause of action under General Municipal Law § 207-c (6) is derivative *(see, City of Buffalo v Maggio,* 21 NY2d 1017).

The plaintiff asserts that the enactment of General Municipal Law § 205-e created a cause of action which is not affected by the no-fault law. This contention is without merit.

General Municipal Law § 205-e was enacted in 1989, in response to the decision in *Santangelo v State of New York* (71 NY2d 393, 397), which held that the so-called "fireman's rule" precluding firefighters "from recovering damages for the very situations that create a need for their services" applied to police officers (1989 NY Legis Ann, at 180; *see also,* L 1989, ch 346). General Municipal Law § 205-e was modeled after Gen-

eral Municipal Law § 205-a, "enacted in 1935 to provide firefighters the right to recover damages for injury or death" (1989 NY Legis Ann, at 180).

In *Blake v Ford* (98 AD2d 972), the Appellate Division, Fourth Department, held that the rights provided firefighters under General Municipal Law § 205-a were limited by the provisions of the no-fault law *(see,* former Insurance Law § 673, now Insurance Law § 5104). Since General Municipal Law § 205-e was enacted to provide police officers the same rights accorded firefighters under General Municipal Law § 205-a, it follows that the provisions of the no-fault law also limit recovery under General Municipal Law § 205-e.

The plaintiff further notes that General Municipal Law § 205-e was amended in 1992. That amendment was in response to case law which held that a police officer could recover "only when he or she is injured or killed by reason of the violation of some statute, regulation, rule or code pertaining to the safe maintenance and control of premises", to provide that a right to recover could arise "in the discharge or performance *at any time or place* of [a police officer's] duty" (emphasis supplied) (General Municipal Law § 205-e [1]; *see,* L 1992, ch 474, § 2). The amendment also made General Municipal Law § 205-e retroactive to certain causes of action pending on or after January 1, 1987. The 1992 amendments have no relevance to the applicability of the no-fault law.

However, we note that the plaintiff contends that it paid out in excess of the basic economic loss threshold of $50,000 *(see,* Insurance Law § 5102 [a]). Accordingly, our determination is without prejudice to the plaintiff, if it be so advised, moving in the Supreme Court, Rockland County, for leave to plead again *(see, Incorporated Vil. of Freeport v Sanders, supra; Blake v Ford, supra).* Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.