■ LINDA E. CANFIELD, Respondent, v WILLIAM R. BEACH, Defendant, and ELRAC, INC., Appellant. [761 NYS2d 71] —In an action, inter alia, to recover damages for personal injuries, the defendant ELRAC, Inc., appeals (1) from an order of the Supreme Court, Dutchess County (Hillery, J.), dated May 29, 2002, which granted the plaintiff's separate motions for summary judgment on the issue of liability and to dismiss its first and second affirmative defenses and (2), as limited by its brief, from so much of an interlocutory judgment of the same court, dated July 12, 2002, as, upon the order, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the order is modified by deleting the provision thereof granting the plaintiff's motion to dismiss the first and second affirmative defenses of the defendant ELRAC, Inc., and substituting therefor a provision denying that motion; as so modified the order is affirmed, on the law, without costs or disbursements, and the first and second affirmative defenses of the defendant ELRAC, Inc., are reinstated; and it is further,

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

This is an action to recover damages for personal injuries arising out of a motor vehicle accident involving a vehicle owned by the federal government and operated by the plaintiff, Linda E. Canfield, and a vehicle operated by the defendant William R. Beach and owned by the defendant ELRAC, Inc. (hereinafter ELRAC). The collision occurred on January 29, 1998, when Beach's vehicle struck Canfield's vehicle in the rear as Canfield allegedly slowed and then stopped before making a left turn. Beach left the scene of the accident but was later apprehended and pleaded guilty to following too closely and leaving the scene of an accident in violation of Vehicle and Traffic Law § 1129 (a) and § 600 (1) (a). After the defendants answered, the plaintiff moved for summary judgment on the issue of liability, asserting that there was no nonnegligent explanation for the rear-end collision. The plaintiff argued that

both Beach as the driver, and ELRAC, as the owner, were liable for the accident.

In opposition to the plaintiff's prima facie showing of her entitlement to judgment as a matter of law on the issue of liability, ELRAC failed to raise a triable issue of fact. Contrary to ELRAC's argument, the fact that the plaintiff stopped her vehicle before making the turn does not provide a nonnegligent explanation for the collision, and it does not raise an issue of fact as to whether the plaintiff was negligent and whether such negligence was a proximate cause of the accident (*see Colon v Cruz,* 277 AD2d 195 [2000]; *Sorrentino v Riemer,* 252 AD2d 522 [1998]). The Supreme Court properly granted summary judgment in favor of the plaintiff on the issue of liability.

In a separate motion, the plaintiff moved to dismiss the first and second affirmative defenses asserted by ELRAC in its answer. ELRAC alleged that the plaintiff's action was barred by article 51 of the Insurance Law because she did not sustain a serious injury and her basic economic loss did not exceed $50,000. The plaintiff argued that, as a federal employee, she cannot collect no-fault benefits from the United States and, therefore, she cannot be considered a "covered person" under the no-fault laws. Therefore, the plaintiff argued that her action was not limited by article 51 of the Insurance Law. The Supreme Court granted the motion. We modify, and reinstate ELRAC's first and second affirmative defenses.

A "covered person" under the no-fault law, insofar as is relevant here, is defined as either the operator of a motor vehicle which is subject to the provisions of the no-fault laws through Vehicle and Traffic Law § 321 (2) or any other person entitled to first-party benefits (*see* Insurance Law § 5102 [j]). A "covered person" is not defined solely by his or her ability to collect first-party benefits. Although the United States is exempted from furnishing security under the New York Motor Vehicle Financial Security Act (*see* Vehicle and Traffic Law § 321 [1]), it is subject to the provisions of the no-fault law (*see* Vehicle and Traffic Law § 321 [2]; *Joyce v Winkler,* 71 AD2d 28, 29-30 [1979]; *Cole v United States,* 1986 WL 5805, * 3 [SD NY, May 16, 1986]; *Liberty Mut. Ins. Co. v United States,* 490 F Supp 328, 330 [ED NY 1980]). Thus, the plaintiff in the instant action is a "covered person" by virtue of the fact that at the time of the accident she was operating a motor vehicle owned by the United States which is subject to the provisions of the no-fault laws (*see* Insurance Law § 5102 [j]; *Joyce v Winkler, supra*).

There is no merit to the plaintiff's argument that she cannot be considered a covered person since she is unable to collect

first-party benefits from the United States. As a federal employee, the plaintiff's exclusive remedy as against her employer, the United States, for work-related injuries is the receipt of benefits afforded by the Federal Employees' Compensation Act (hereinafter FECA) (*see* 5 USC § 8101 *et seq.*; 5 USC § 8116 [c]; *Lockheed Aircraft Corp. v United States,* 460 US 190, 193-194 [1983]; *Galimi v Jetco,* 514 F2d 949, 952-953 [2d Cir 1975]; *Balancio v United States,* 267 F2d 135 [2d Cir 1959] *cert denied* 361 US 875 [1959]; *Demetriadis v United States Postal Serv.,* 465 F Supp 597, 598 [ED NY 1979]). FECA is the workers' compensation scheme for federal employees that entitles them to reimbursement for medical expenses and for lost wages incurred as a result of a work-related injury.

As the recipient of full FECA benefits, the plaintiff has suffered no economic loss (*see Palmer v Allstate Ins. Co.,* 101 AD2d 127, 134 [1984]; *Joyce v Winkler, supra* at 30). Thus, FECA benefits are the equivalent of no-fault benefits (*see Palmer v Allstate Ins. Co., supra*). However, FECA benefits must be paid back to the United States out of any third-party recovery (*see United States v Lorenzetti,* 467 US 167, 174 [1984]). While this may place federal employees who are injured in a motor vehicle accident in a federally-owned vehicle on slightly unequal footing with private sector employees who are injured on the job while driving a company-owned vehicle, that does not serve as a bar to the application of the no-fault laws in the plaintiff's action to recover damages against the third-party tortfeasor. The plaintiff's status as a "covered person" as that term is defined in Insurance Law § 5102 (j) remains unaffected by the federal laws.

Any unfairness arises not from the operation of the no-fault laws but, rather, from the interaction of the federal law which trenches upon the plaintiff's right to collect first-party benefits under the no-fault law (*cf. United States v Lorenzetti, supra* at 178). This inequity must be addressed by the Legislature, not the courts (*see Matter of Granger v Urda,* 44 NY2d 91, 99-100 [1978]).

In sum, although the plaintiff is entitled to summary judgment on the issue of liability, that does not automatically include a determination that she sustained a serious injury within the definition of Insurance Law § 5102 (d) (*see Zecca v Riccardelli,* 293 AD2d 31 [2002]). Moreover, since the plaintiff is a "covered person" and both the defendant William Beach, as the driver, and the defendant ELRAC, as the owner of the offending vehicle, are "covered persons," the plaintiff may recover for basic economic loss only to the extent that such loss

exceeds $50,000 (*see* Insurance Law § 5102 [a]), and may recover for noneconomic loss only if she has sustained a serious injury (*see* Insurance Law § 5102 [d]; § 5104 [a]). Accordingly, the Supreme Court erred in granting the plaintiff's motion to dismiss ELRAC's first and second affirmative defenses, and those affirmative defenses must be reinstated.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Altman, Krausman and Crane, JJ., concur.