# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**988**
**CA 15-00257**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

JONATHAN KLEIN, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MAN SUI, DEFENDANT-APPELLANT.

---

HISCOCK & BARCLAY, LLP, BUFFALO (MATTHEW ROSNO OF COUNSEL), FOR DEFENDANT-APPELLANT.

VANDETTE PENBERTHY LLP, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Michael L. D'Amico, A.J.), entered April 24, 2014. The order granted the motion of plaintiff for partial summary judgment on the issue of liability.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a police officer employed by the Town of Amherst, commenced this action pursuant to General Municipal Law § 205-e seeking damages for injuries he sustained while chasing and apprehending defendant, who had fled on foot from the scene of a traffic stop. Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability, and Supreme Court granted the motion. We affirm.

General Municipal Law § 205-e permits police officers to bring a private cause of action for injuries resulting from a tortfeasor's noncompliance with "any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments." To assert a cause of action under the statute, the injured police officer "must [1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm" (*Gammons v City of New York*, 24 NY3d 562, 570 [internal quotation marks omitted]; *see Williams v City of New York*, 2 NY3d 352, 363; *Giuffrida v Citibank Corp.*, 100 NY2d 72, 77-78).

Here, there is no dispute that plaintiff identified the statute violated by defendant, who pleaded guilty to disorderly conduct, and

that he sufficiently described the manner in which he was injured (*see Baiamonte v Buongiovanni*, 207 AD2d 324, 324-325).  The dispute is whether plaintiff established as a matter of law that defendant's actions caused his injury, either directly or indirectly and, if so, whether defendant raised a triable issue of fact.  We conclude that plaintiff met his initial burden of demonstrating "a practical or reasonable connection between the violation and [his] injury" by submitting, inter alia, a copy of his police report in which he stated that he was injured as a result of his apprehension of defendant, along with an affidavit swearing to the truth of the matters asserted in the report (*Campbell v City of New York*, 31 AD3d 594, 595).

The burden then shifted to defendant to raise an issue of fact, and the court properly determined that he failed to meet that burden.  In opposition to the motion, defendant relied exclusively on the affidavit of a chiropractor who merely summarized plaintiff's preincident medical records, which show that plaintiff suffered from lower back pain and discomfort prior to his encounter with defendant.  We conclude, however, that the affidavit is insufficient to raise an issue of fact whether plaintiff's injuries are owing wholly to a preexisting medical condition, thereby absolving defendant of all liability.  We note that it is undisputed that plaintiff was capable of working at the time of the incident, and that, following his arrest of defendant, plaintiff was deemed partially disabled and awarded Workers' Compensation benefits.  The chiropractor's affidavit, however, offers no opinion regarding causation of plaintiff's disability after the incident.  Even assuming, arguendo, that plaintiff had a preexisting medical condition involving his back, it does not compel the conclusion that he was not injured by defendant's actions.  Rather, the nature and extent of any preexisting medical condition involving plaintiff's back will be relevant to any apportionment of liability to defendant for the purpose of determining any damages he owes to plaintiff (*see Oakes v Patel*, 20 NY3d 633, 647), and those issues must be resolved by a trier of fact.

Entered:  October 9, 2015                         Frances E. Cafarell
                                                  Clerk of the Court