# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1282**

**CA 16-00413**

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

COUNTY OF ERIE, PLAINTIFF-APPELLANT,

V           MEMORANDUM AND ORDER

FRANCIS B. VOLANTE, DEFENDANT-RESPONDENT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ANTHONY B. TARGIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, MURPHY & SCHOEPPERLE, LLP, BUFFALO (STEPHEN P. BROOKS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), dated August 17, 2015. The order granted in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to General Municipal Law § 207-c (6) seeking to enforce its right to be reimbursed for the salary and medical expenses paid on behalf of a police officer who was injured when his patrol car collided with a motor vehicle owned and operated by defendant. Supreme Court granted defendant's motion for summary judgment in part, concluding that plaintiff's "claim is . . . limited to those amounts it has paid in excess of basic economic loss." We affirm.

Contrary to plaintiff's contention, its "potential recovery pursuant to General Municipal Law § 207-c (6) of payments made to a police officer injured by the alleged negligence of the defendant in her ownership and operation of an automobile is limited by Insurance Law article 51" (*Village of Suffern v Baels*, 215 AD2d 751, 751). Thus, the court properly determined that plaintiff can recover only those amounts paid to its employee pursuant to section 207-c that are in excess of basic economic loss as that term is defined by article 51 of the Insurance Law (*see Incorporated Vil. of Freeport v Sanders*, 101 AD2d 808, 809; *City of Buffalo v Murry*, 79 AD2d 1096, 1096, *lv denied* 53 NY2d 601).

Entered: December 23, 2016        Frances E. Cafarell
                    Clerk of the Court