Fernandez v City of New York (2018 NY Slip Op 06470)





Fernandez v City of New York


2018 NY Slip Op 06470


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7179

[*1]Steve Fernandez, Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, Eric J. Feliciano, Defendant-Appellant.


Keane & Bernheimer, PLLC, Valhalla (Connor Fallon of counsel), for appellant.
Decolator, Cohen & DiPrisco, LLP, Garden City (Joseph L. Decolator of counsel), for Steve Fernandez, respondent.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for The City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 9, 2017, which denied defendant Feliciano's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
Plaintiff, a New York City police officer, alleges that he sustained serious injuries to his left foot and ankle as the result of a motor vehicle incident in which he was involved while on duty. Specifically, he testified that the police cruiser which he was driving was struck head-on by a vehicle driven by defendant Feliciano, an alleged drunk driver, as the latter was attempting to enter the Major Deegan Expressway. Plaintiff further testified that another police car arrived shortly after, and, as he was attempting to enter that patrol cruiser in order to pursue defendant, the patrol car ran over his left foot, which sustained a fracture. Plaintiff commenced this action against the City and Feliciano, asserting a cause of action pursuant to General Municipal Law § 205-e.
Plaintiff does not dispute that, although he is suing under General Municipal Law § 205-e, he is required to demonstrate that he sustained a serious injury in order to recover against Feliciano "for personal injuries arising out of negligence in the use or operation of a motor vehicle" (Insurance Law § 5104[a]; see Village of Suffern v Baels, 215 AD2d 751, 752 [2d Dept 1995]). For purposes of his motion, defendant Feliciano does not dispute plaintiff's allegations that he violated statutes, including Vehicle & Traffic Law § 1129(a), and that plaintiff's foot fracture is a "serious injury" within the meaning of Insurance Law § 5102. However, Feliciano argues that plaintiff cannot recover against him because there is a lack of a causal relationship between the incident involving Feliciano's vehicle and plaintiff's serious injury.
In order to prevail on his General Municipal Law § 205-e claim, plaintiff is required to show that plaintiff's injuries were caused "directly or indirectly" by Feliciano's statutory violation (General Municipal Law § 205-e[1]). Whereas "direct causation" requires that the defendant's conduct be a "substantial causative factor," an " indirect cause' is simply a factor that - though not a primary cause - plays a part in producing the result" (Giuffrida v Citibank Corp., 100 NY2d 72, 80 [2003]). Plaintiff's testimony that his injury occurred while he was acting as a police officer and chasing Feliciano, who had violated a traffic law, raises an issue of fact as to whether Feliciano indirectly caused plaintiff's injuries, which precludes summary judgment dismissing plaintiff's claims against him (see Aldrich v Sampier 2 AD3d 1101 [3d Dept 2003]; see also Klein v Man Sui, 132 AD3d 1358 [4th Dept 2015]).
We do not address whether plaintiff will be able to demonstrate proximate or direct causation, since that issue is not distinctly addressed by the parties on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK